# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| MICHAEL E. BAUMAN, by and through Michael E. Sumner, Conservator, <br><br> Plaintiff, <br><br> v. <br><br> PUBLIX SUPER MARKETS, INC. EMPLOYEE STOCK OWNERSHIP PLAN, and PUBLIX SUPER MARKETS, INC., as Plan Administrator, <br><br> Defendants. | 3:15-cv-75-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendants Publix Super Markets, Inc. Employee Stock Ownership Plan (the "ESOP" or "Plan") and Publix Super Markets, Inc.'s ("Publix") (collectively, "Defendants") Motion for Attorney's Fees [66], and Plaintiff Michael E. Bauman's ("Plaintiff") Motion for Oral Argument [77].

## I.  BACKGROUND

This is an action, under the Employee Retirement Income Security Act of 1974 ("ERISA"), "to recover benefits due" under an employee stock ownership

plan. 29 U.S.C. § 1132(a)(1)(B). Plaintiff, now a legally incompetent adult, worked at Publix for almost seventeen years. When he left his job at Publix, Publix sent him money to which he was entitled under the employee stock ownership plan. Plaintiff lost all of the money in an internet scam. Plaintiff claimed that, under the terms of the plan, Publix was required to send the money to his conservator—not to Plaintiff directly—because Publix knew Plaintiff, at the time, was legally incompetent. Publix denied Plaintiff's claim for reinstatement of the plan benefits he lost in the internet scam, and Plaintiff challenged Publix's denial under ERISA.

On March 17, 2017, the Court granted Defendants' Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment as untimely. ([63]). In granting Defendants' motion, the Court found that delivering a letter to the Publix location at which Plaintiff worked was insufficient to provide Defendants with actual notice that Plaintiff was legally incompetent, and therefore Defendants did not violate the provision of the ESOP prohibiting distributions directly to legally incompetent individuals. This holding was affirmed by the United States Court of Appeals for the Eleventh Circuit. Bauman by & through Sumner v. Publix Super Markets, Inc. Emp. Stock Ownership Plan, No. 17-11709, 2017 WL 4510322 (11th Cir. Oct. 10, 2017).

On March 31, 2017, Defendants filed their Motion for Attorney's Fees against Michael E. Sumner, "in his capacity as conservator under ERISA" and "in his capacity as counsel of record under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying these proceedings." ([66]).

## II. DISCUSSION

### A. Attorney's Fees Under ERISA

Pursuant to ERISA's fee-shifting provision, a district court, "in its discretion may allow a reasonable attorney's fee and costs of action to either party," 29 U.S.C. § 1132(g)(1), if that party achieved "some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010). This standard requires more than "trivial success on the merits" or a "purely procedural victory." Id. Once it is established that a party had "some degree" of success, the Eleventh Circuit requires district courts to consider five factors when deciding whether to award fees to a prevailing party:

(1) the degree of the opposing parties' culpability or bad faith;

(2) the ability of the opposing parties to satisfy an award of attorney's fees;

(3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; [and]

(5) the relative merits of the parties' positions.

AirTran Airways, Inc. v. Elem, 767 F.3d 1192, 1201 (11th Cir. 2014) (quoting Freeman v. Continental Ins. Co., 996 F.2d 1116, 1119 (11th Cir. 1993)). "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying Section 502(g)." Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980).[1]

It is uncontested here that Defendants achieved "some degree of success on the merits." See Hardt, 560 U.S. at 255. The Court next considers the five factors. First, Defendants argue that Mr. Sumner brought this action in bad faith due to an alleged conflict of interest presented by his role as both attorney and conservator for Mr. Bauman. Defendants allege that an unconflicted attorney would have pursued claims against the conservator who delivered the legally insufficient letter to the Publix supermarket, but due to Mr. Sumner's dual roles, that avenue was

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

foreclosed to Plaintiff. Defendants also fault Mr. Sumner for bringing claims in state court before exhausting Plaintiff's administrative remedies.

Defendants do not argue that Mr. Bauman was culpable, choosing instead to focus on the conflict they identified. This Court, however, previously addressed and chose not to disqualify Mr. Sumner based on the conflict claimed. ([13]). Mr. Sumner's pursuit of a claim for his ward to recover an amount for which he had a good faith legal claim, albeit ultimately unsuccessful, do not rise to the level of "culpable" or "bad faith" conduct that warrants attorney's fees under ERISA. The first prong of this analysis weighs against Defendants.

The second element tips in favor of Defendants. Mr. Sumner did not put forth persuasive evidence that he would be unable to satisfy an award of attorney's fees.

Mr. Sumner's decision to assert Mr. Bauman's claim was grounded in a plausible interpretation of the facts and the plan language. As a result, the third and fifth elements tip in favor of denying attorneys' fees. Defendants misstate the law by essentially arguing that because they were ultimately successful at the summary judgment stage, Plaintiff's claim was without merit.

Having weighed the factors, the Court finds that attorney's fees are not warranted here, particularly in light of the fact that Mr. Sumner brought claims on

behalf of his ward in good faith. Defendants' motion for attorney's fees under ERISA is denied.

B. <u>Attorney's Fees Pursuant to 28 U.S.C. § 1927</u>

Title 28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The Eleventh Circuit has interpreted the statute to impose three essential requirements for an award of sanctions: (1) "the attorney must engage in 'unreasonable and vexatious' conduct"; (2) "that 'unreasonable and vexatious' conduct must be conduct that 'multiplies the proceedings'"; and (3) "the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the 'costs, expenses, and attorney's fees reasonably incurred because of such conduct.'" <u>Amlong & Amlong, P.A. v. Denny's Inc</u>, 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting <u>Peterson v. BMI Refractories</u>, 124 F.3d 1386, 1396 (11th Cir. 1997). The Eleventh Circuit has "consistently held that an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" <u>Id.</u>; <u>see also</u> <u>Schwartz v. Millon Air, Inc.</u>, 341 F.3d

6

1220, 1225 (11th Cir. 2003) ("'Bad faith' is the touchstone."); <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1582 (11th Cir.1991).

The Court cannot conclude that Plaintiff's conduct warrants sanctions under 28 U.S.C. § 1927. Mr. Sumner was, if anything, negligent in prematurely filing suit before exhausting Plaintiff's administrative remedies. Negligent conduct alone is insufficient to show bad faith. The Court is unable to find, on the record before it, that the claim is frivolous, or that any party acted in bad faith or in a manner that unreasonably or vexatiously multiplied the proceedings in this action.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees [66] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument is [77] is **DENIED AS MOOT**.

**SO ORDERED** this 23rd day of January, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE